IN RE the MARRIAGE OF: Michael M. TRIESCHMANN, Petitioner-Appellant,

v.

Patricia TRIESCHMANN, Respondent-Respondent.

Court of Appeals

*No. 93–0189. Submitted on briefs June 21, 1993.—Decided July 28, 1993.*

(Also reported in 504 N.W.2d 433.)

538

On behalf of the petitioner-appellant, the cause was submitted on the brief of *David H. Hickey* of *Hickey & Turim* of Waukesha.

On behalf of the respondent-respondent, the cause was submitted on the brief of *John O. Olson* of *Braden & Olson* of Lake Geneva.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J. Michael M. Trieschmann appeals from a judgment of divorce awarding his former wife Patricia temporary maintenance of $1000 per month, an unequal division of the marital property, and assistance in the payment of her attorney's fees. Despite the fact that many of the issues were contested, the trial court adopted Patricia's memorandum brief to the court as its decision. Because we conclude that the trial court failed to properly exercise its discretion in reaching its decision, we reverse and remand for further consideration by the trial court.

Michael and Patricia were married on August 2, 1986. Michael has an eleventh grade education and was employed as a carpenter before and during the marriage. As of the date of divorce, Patricia had completed approximately five years of college and received a bachelor's degree. Prior to the marriage Patricia was employed as a dispatcher for a small Alaskan airline. In 1984, she suffered a back injury which limited her ability to work on a regular basis. There are no children of the marriage.

The primary disputed issues before the trial court were maintenance, property division, and attorney's fees. After the case was tried on June 10, 1992, the court requested both parties to submit briefs outlining their positions as to property division, maintenance,

and the other contested issues. On September 24, 1992, the court announced its decision in a letter to both parties in which it stated:

> I now have carefully reviewed my notes and recollections, the parties' briefs and memorandums.
>
> I believe the only just solution to the matter that is supported by the overwhelming evidence is accurately reflected in the proposed findings of fact and conclusions of law of the respondent as contained in the respondent's memorandum of June 25, 1992.
>
> I would, therefore, ask the respondent to submit findings of fact, conclusions of law and a judgment consistent with this decision and the memorandum referred to (above).

This letter and Patricia's memorandum to the court, incorporated into the trial court's decision by reference, provide the only explanation for the court's decision. On appeal, Michael argues that the court misused its discretion because it failed to examine the relevant facts and law and demonstrate a rational decision-making process in reaching its conclusions. We agree.

In a divorce proceeding, the awarding of maintenance and the division of property are within the discretion of the trial court. *Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981); *Bahr v. Bahr*, 107 Wis. 2d 72, 77, 318 N.W.2d 391, 395 (1982). However, "the exercise of discretion is not the equivalent of unfettered decision-making." *Hartung*, 102 Wis. 2d at 66, 306 N.W.2d at 20. The trial court's decision must "be the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a

reasoned and reasonable determination." *Id.* To comply with this requirement, a court must not only state its findings of fact and conclusions of law, but also state the factors upon which it relied in making its decision. *Steinke v. Steinke*, 126 Wis. 2d 372, 388, 376 N.W.2d 839, 847 (1985).

Based on the record, we are unable to determine if the trial court's decision is a product of the court's rational decision-making process or that of Patricia's attorney.[1] In adopting Patricia's memorandum, the court failed to articulate the factors upon which it based its decision as required. Instead, it appears as though the court simply accepted Patricia's position on all of the issues of fact and law without stating any reasons for doing so other than its belief that doing so was the "only just solution." While that may in fact be true, the court failed to indicate *why* it believed Patricia's proposal provided the proper result.

Patricia argues that the court's acceptance of her memorandum and findings of fact is evidence of a rational decision-making process. We disagree. We have reviewed Patricia's memorandum and conclude that it is devoid of any explanation or reasoning as to why the court accepted Patricia's views regarding the disputed facts and law over Michael's views.

As an illustration of the trial court's lack of reasoning in the record, we highlight the issue of

---

[1] Patricia's memorandum to the court outlining her position on the various issues is written in the form of a trial court's decision memorandum, complete with findings of fact and conclusions of law. Patricia's attorney stated that he used such an approach "for the convenience in writing."

maintenance.[2] Both parties disputed each other's potential earning power, which is an important factor in the decision whether to grant maintenance. *See* sec. 767.26(5), Stats. Michael asserted that his earning power was limited because of his lack of education and offered evidence of his current income level to show that he was unable to pay maintenance. Patricia argued that despite her college education, she was unable to work because of her back injury and would need income for retraining. Michael alleged that Patricia could resume her former employment and, if she did, her income would exceed his.

Patricia's memorandum, relied on by the court, properly sets forth the factors to be considered for maintenance under sec. 767.26, Stats., and also identifies arguments for and against maintenance. It then summarily concludes:

> I find that the petitioner should pay limited term maintenance to the respondent as follows: $1,000 per month, representing one-half of the amount that he can earn for a period of 20 months commencing July 1, 1992.

Such a finding is not inadequate in and of itself, but the trial court failed to provide any rationale or justification for the maintenance award. We can only speculate as to why the court accepted Patricia's view of the parties' respective earning powers, or what other factors under sec. 767.26 persuaded the court in its decision to award maintenance. While Patricia's memorandum discusses both sides of many of the issues, it fails to provide any analysis or reasoning as to why her posi-

---

[2] By doing so, we do not suggest that the maintenance issue is the only issue in which the record indicates the lack of a rational decision-making process by the trial court.

tions are more persuasive. Since the trial court accepted her memorandum as its decision, we have no insight into the court's decision-making process.

Therefore, we conclude that the trial court misused its discretion in this instance by accepting Patricia's memorandum as its decision without providing sufficient reasons on the record for doing so. Accordingly, we remand this case to the trial court and direct the court to consider all of the facts and relevant law related to each issue and to render its decision in accordance with this opinion. In doing so, we do not hold that a trial court may never accept the rationale and conclusions contained in one party's brief to the court. If the court chooses to do so, however, it must indicate the factors which it relied on in making its decision and state those on the record.

Michael also argues that remanding this case to the trial court would unduly prejudice him because the court would not be able to fairly exercise its discretion regarding the various issues. He urges this court to review the record independently and decide the substantive issues *de novo*. We decline to do so. The appellate court is an error-correcting court. *State ex rel. Swan v. Elections Bd.*, 133 Wis. 2d 87, 93, 394 N.W.2d 732, 735 (1986). "When an appellate court is confronted with inadequate findings and the evidence respecting material facts is in dispute, the only appropriate course for the court is to remand the cause to the trial court for the necessary findings." *Wurtz v. Fleischman*, 97 Wis. 2d 100, 108, 293 N.W.2d 155, 159 (1980).

We are confident that the trial court will properly exercise its discretion on remand by reaching a reasonable decision on all issues based upon the facts in the

record and the applicable law, and will state the factors upon which it relied in making its decision. If either party is aggrieved by the court's decision, the appropriate remedy is to seek appellate review of the trial court's discretionary decision.

*By the Court.*—Judgment reversed and caused remanded with directions.