IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 2, 2020

## IN RE NATHAN C.

**Appeal from the Juvenile Court for Cumberland County**
**No. 2018-JV-6875   Larry Michael Warner, Judge**

_____

## No. E2019-01197-COA-R3-PT

_____

This is the second appeal of this termination of parental rights case.  Appellants appeal the trial court's termination of their parental rights on the grounds of: (1) abandonment by willful failure to support, Tenn. Code Ann. § 36-1-113(g)(1); and (2) persistence of the conditions that led to the children's removal, Tenn. Code Ann. § 36-1-113(g)(3). Because it does not appear that the trial court exercised its independent judgment in reaching its decision, we vacate the judgment and remand for entry of findings of fact and conclusions of law in compliance with Tennessee Code Annotated § 36-1-113(k) (2017). Such findings and conclusions must also be a product of the trial court's own independent judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Cynthia Fields Davis, Crossville, Tennessee, for the appellant, Allison T.[1]

Patricia A. Moore, Kingston, Tennessee, for the appellant, Jeffrey M.

Jeremy D. Trapp, Smithville, Tennessee, for the appellees, Patricia T. and Robert T.

## OPINION

Allison T. ("Mother") and Cody C. are the biological parents of Mason C. (d.o.b. Dec. 2009).[2]  Mother and Jeffrey M. ("Father," and together with Mother, "Appellants")

---

[1] In cases involving minor children, it is the policy of this Court to redact the parties' names so as to protect their identities.

are the biological parents of Nathan C. (d.o.b. Feb. 2014) (together with Mason C., the "Children"). Allison T. and Jeffrey M. are married, but at the time of the most recent hearing, Allison T. had an order of protection against Jeffrey M.

For consistency, we restate the relevant background facts from the first appeal, *In re Mason C.*, No. E2018-01378-COA-R3-PT, 2018 WL 6600249 (Tenn. Ct. App. Dec. 14, 2018) (hereinafter "*Mason C. I*"). On December 21, 2015, the Cumberland County Chancery Court granted immediate emergency custody of the Children to Patricia T. and Appellee Robert T,[3] the Children's maternal grandparents. Following a preliminary hearing, the chancery court found that

> there is a prima facie case of dependency and neglect with regard to the two minor children, based primarily on the fact that all of the parties admit that there was a shooting, apparently a drive-by shooting, at the residence of [Mother and Father], but also to some extent on the fact that both of the [parents] have criminal records and drug issues.

*Mason C. I*, at *1. The chancery court then transferred the dependency and neglect case to the Cumberland County Juvenile Court ("trial court"). On May 27, 2016, the trial court entered an *ex parte* order suspending Appellants' visitation. *Id.*

On November 14, 2016, Appellee filed a petition to terminate Appellants' parental rights. The petition alleged the following statutory grounds as to both Appellants: (1) severe child abuse of Mason C.; (2) abandonment by willful failure to support the Children; (3) "fail[ure] to manifest an ability and willingness to maintain a proper environment for the Children;" and (4) persistence of the conditions that led to removal of the Children from the parents. *Id.*

Following a bench trial conducted on June 5, 2018, the trial court terminated Appellants' parental rights by order of July 24, 2018. *Id.* In its entirety, the July 24, 2018 order states:

> This Cause came on to be heard on the 5th day of June, 2018, and further upon the 3rd day of July, 2018 upon Petitioners' Motion for Further Findings by the Court [. . .]. Upon the pleadings, the testimony of the parties and witnesses in Open Court, argument and remarks of counsel for all of the parties and the Guardian Ad Litem, all of the evidence introduced and upon the Entire File, the Court finds, as per Its oral pronouncement

---

[2] Cody C. is deceased.

[3] Patricia T. died during the pendency of this case. No suggestion of death or substitution of party was filed. However, for purposes of this appeal, we will consider Robert T. to be the sole Appellee.

from the Bench at the conclusion of the first hearing in this matter, attached hereto as **Collective Appendix A** (4 pages) and upon Its further pronouncement at the July 3, 2018 hearing pursuant to the Motion for Further Findings, as per Its oral pronouncement from the Bench at the conclusion of that hearing, attached hereto as **Collective Appendix B** (4 pages), both of which (Appendices A and B) the Court hereby adopts and confirms, that the Petition for Termination is well taken in that [the Children] have been abandoned by the [Mother] and [Father] by willful failure to support as defined by T.C.A. § 36-1-102(1)(A)(i) as proven by clear and convincing evidence and further that the termination as prayed for is in the children's best interest, also as proven by clear and convincing evidence.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT THE TERMINATION AS PRAYED FOR IN THE PETITION OF [GRANDPARENTS], IS HEREBY GRANTED [. . .].

The trial court's June 5, 2018 oral findings of fact and conclusions of law, as referenced in its order and attached thereto as Appendix A, provide:

In talking with Mason, there was some physical abuse alluded to. I don't think, though, that it rose to a level of severe or aggravated abuse. It did not. Therefore, I do not find that ground[ ].

Now, regarding the abandonment by failure to visit, these people have been under a court order since May of 20[1]6 that they cannot see [the Children]. So I can't find that ground[ ].

However, by clear and convincing proof, you have established that there is a willful failure to support. One Christmas basket . . . I mean Easter basket in two and a half years is not support. There's no doubt there was a failure to support.

Now, getting to the best interest . . . And this condition still exists obviously. They haven't done it since this lawsuit has been going on, which was November of 2016. So the condition still exists.

Now, you go to the best interest question. Nathan has been with his grandparents two and a half years. He's only four. It's the only home he knows. It's the only home he knows. Now, Mason is very happy where he is. So I find clearly that the best interest is that they stay with the grandparents. So I do grant the termination on that one ground. Thank you. Prepare me an order to that effect.

- 3 -

Following the June 5, 2018 hearing, Appellee requested that the trial court make more specific findings concerning best interests. To this end, the trial court reconvened the matter on July 3, 2018. The trial court incorporated its oral statements from the July 3, 2018 hearing into its July 24, 2018 order and attached the following portion of the transcript as Appendix B thereto:

> Court: In addition to the grounds that have been found and what I said on that date – I think it was June the 5th – I do find that the termination is in the best interest of the child.
>
> [Appellee's Counsel]: Does Your Honor want to say anything about the standard of proof?
>
> Court: It was very convincing.
>
> [Appellee's Counsel]: Thank you, Your Honor.
>
> Court: Just prepare an order consistent with that. And I appreciate you catching that.

In ***Mason C. I***, this Court vacated the trial court's order and remanded the case for entry of sufficient findings of fact and conclusions of law in compliance with Tennessee Code Annotated section 36-1-113(k), which states that, in termination of parental rights cases, "[t]he court **shall** enter an order that makes specific findings of fact and conclusions of law." (emphasis added). In ***Mason C. I***, we specifically held that

> the trial court's written order contains a dearth of findings of fact to support its conclusion that Mother and Father had abandoned the Children and that termination of the parents' rights was in the Children's best interest. Even assuming, *arguendo*, that the statutory authority allows adoption of oral findings of fact and conclusions of law in termination cases, we determine that the trial court's oral findings here would be insufficient to support termination of the parents' rights by clear and convincing evidence.

***Id.***, at *5. We then identified and enumerated several specific deficiencies in the trial court's order, including: (1) "[t]he trial court's findings of fact and conclusions of law do not identify the determinative time period relevant to the parents' willful failure to support;" (2) "[a]lthough the trial court found orally that 'there [was] a willful failure to support,' the court's findings were silent regarding the parents' ability to pay support during the determinative period;" (3) the trial court's judgment and oral ruling are unclear as to whether the trial court considered the best interest factors set forth in Tennessee Code Annotated § 36-1-113(i)(2017); and (4) "the trial court's oral findings appear to

- 4 -

combine the statutory ground of persistence of conditions, which had been pled in the petition, with the best interest analysis." *Id.*

On remand, the trial court held a hearing on June 11, 2019. By order of June 11, 2019, the trial court terminated Appellants' parental rights on the grounds of: (1) abandonment by willful failure to support; and (2) persistence of the conditions that led to the removal of the Children. The trial court also found that termination of Appellants' respective parental rights was in the Children's best interests. Appellants appeal.

The dispositive issues are as follows:

1. Whether the trial court made sufficient and independent findings of fact and conclusions of law pursuant to Tennessee Code Annotated § 36-1-113(k).

2. If so, whether there is clear and convincing evidence to support the trial court's determination that termination of either Appellants' respective parental rights is in the Child(ren)'s best interest?

3. Whether there is clear and convincing evidence to support either of the grounds relied upon by the trial court in terminating Appellants' respective parental rights.

We begin our review with the sufficiency of the trial court's findings. As discussed above, the basis of our remand in *Mason C. I* was our conclusion that the trial court "fail[ed] to perform its judicial duty as required by Tennessee Code Annotated § 36-1-113(k)." *Mason C. I*, at *6. The court's statutory duty "to enter an order that makes specific findings of fact and conclusions of law," Tenn. Code Ann. § 36-1-1223(k), requires more than a rote adoption of an order prepared by the prevailing party's counsel. As stated in Tennessee Rule of Civil Procedure 52.01, "[i]n all actions tried upon the facts without a jury, the court **shall** find the facts specially and **shall** state separately its conclusions of law and direct the entry of the appropriate judgment." (emphases added). So, in addition to entering an order containing sufficient findings and conclusions, the findings and conclusions stated in such order must be the product of the court's "independent judgment." *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014). As explained by the Tennessee Supreme Court,

> The essential purposes of courts and judges are to afford litigants a public forum to air their disputes, and to adjudicate and resolve the disputes between the contending parties. To carry out these purposes, judges must arrive at their decisions by applying the relevant law to the facts of the case. Because making these decisions is a "**high judicial function**," a court's decisions must be, and **must appear to be**, the result of the exercise of the trial court's own judgment.

The manner in which judges arrive at their decisions "gives formal and institutional expression to the influence of reasoned argument in human affairs." In addition to expecting judges to be "fair, impartial, and engaged," the litigants, the bench and bar, and the public **expect them to explain why a particular result is correct based on the applicable legal principles**.

Providing reasons for a decision reinforces the legitimacy of the legal process which, in turn, promotes respect for the judicial system. As Judge Richard Nygaard has noted with regard to judicial opinions:

> Judicial opinions are the core work-product of judges. They are much more than findings of fact and conclusions of law; they constitute the logical and analytical explanations of why a judge arrived at a specific decision. They are tangible proof to the litigants that the judge actively wrestled with their claims and arguments and made a scholarly decision based on his or her own reason and logic.

*Bright v. Westmoreland Cnty.*, 380 F.3d 729, 732 (3d Cir. 2004).

\* \* \*

[M]ost courts have approved, but not recommended, the practice of trial courts receiving and using party-prepared findings of fact, conclusions of law, and orders as long as two conditions are satisfied. **First, the findings and conclusions must accurately reflect the decision of the trial court. Second, the record must not create doubt that the decision represents the trial court's own deliberations and decision**. Accordingly, reviewing courts have declined to accept findings, conclusions, or orders when the record provides no insight into the trial court's decision-making process, *Trieschmann v. Trieschmann*, 178 Wis.2d 538, 504 N.W.2d 433, 435 (Ct. App. 1993), or when the record "casts doubt" on whether the trial court "conducted its own independent review, or that the opinion is the product of its own judgment," *Bright*, 380 F.3d at 732.

There are, to be sure, acceptable reasons for permitting trial courts to request the preparation of proposed findings of fact, conclusions of law, and orders. They can promote the expeditious disposition of cases, and they may, when used properly, assist the trial court in placing the litigants' factual and legal disputes in sharper focus. In the final analysis, **the ultimate concern is the fairness and independence of the trial court's judgment**.

***Smith***, 439 S.W.3d at 312-13, 315-16 (footnote and other internal citations omitted) (emphases added). While ***Smith*** involved a motion for summary judgment, this Court has applied the reasoning in ***Smith*** to proceedings involving the termination of parental rights. *See, e.g.*, ***In re Marneasha D.***, No. W2017-02240-COA-R3-PT, 2018 WL 4847108, at *5 (Tenn. Ct. App. Oct. 4, 2018) ("*Ergo*, we vacate the trial court's judgment and remand for entry of findings of fact and conclusions of law in compliance with Tennessee Code Annotated § 36-1-113(k) that reflect the trial court's independent 'deliberations and decision.'" (quoting ***Smith***, 439 S.W.3d at 316)); ***In re Dakota M.***, No. E2017-01855-COA-R3-PT, 2018 WL 3022682, at *6 (Tenn. Ct. App. June 18, 2018) ("The order terminating Father's rights does not comply with Tennessee Code Annotated section 36-1-113(k) and does not allow us to conclude that the order was the result of the court's 'own considered conclusions.'" (quoting ***Smith***, 439 S.W.3d at 315)) (other internal citations omitted); ***In re Colton B.***, No. M2017-00997-COA-R3-PT, 2017 WL 6550620, at *5 (Tenn. Ct. App. Dec. 22, 2017) ("Given the nearly identical recitation of facts contained in
the petition and the final order, coupled with the trial court's sparse oral ruling, we must conclude that the record 'casts doubt' as to whether the trial court exercised its independent judgment in this case." (citing ***Smith***, 439 S.W.3d at 316)); ***In re Alleyanna S.***, No. M2015-00544-COA-R3-PT, 2016 WL 697359, at *5 (Tenn. Ct. App. Feb. 19, 2016) ("A trial court may adopt submitted findings of fact and conclusions of law as long as the adopted order reflects its own independent and deliberate decision making." (citing ***Smith***, 439 S.W.3d at 315-16)).

Turning to the record, at the July 11, 2019 remand hearing, Appellee's counsel presented the trial court with a proposed order and then proceeded to discuss the contents of the order that he prepared in advance of the hearing. In doing so, Appellee's counsel appears to dictate the court's findings, as opposed to the court making those findings on its own (as required). For example:

> Well, Your Honor, had found that there was[sic] not grounds for termination due to physical abuse. And you indicated, Your Honor, that there was some evidence of physical abuse, but did not find that that abuse rose to the level of severe or aggravated abuse, so that's what we put in this proposed order.

> The Court likewise did not find grounds for termination pursuant to abandonment for failure to visit with the children. The Court's reasoning there was that due to the restraining order entered in May of 2016, that the parents could not visit due to that order, so the Court did not find abandonment for willful failure to visit due to that restraining order in that case.

> Your Honor did find by clear and convincing evidence that the mother, Allison T[.], abandoned both minor children, [. . .] pursuant to Tennessee 36-1-102(1)(a)(i) due to the fact that for a period of more than four consecutive months immediately preceding the filing of the termination petition that they willfully failed to support and/or willfully failed to make reasonable payments for the support of the children for more than four months. Your Honor did find that ground by clear and convincing evidence.

Without taxing the length of this opinion, there are numerous other examples, in the transcript, where Appellee's counsel ostensibly tells the trial court what it found in *Mason C. I*. However, as discussed above, on appeal in *Mason C. I*, this Court determined that the trial court's findings in *Mason C. I* were insufficient.

Also troubling are Appellee's counsel's admissions that certain facts and legal conclusions are disputed. For example, Appellee's counsel states:

> One issue that I had found that was a little complicated was the four month period. There was one day of incarceration there within that four month period and the question becomes does that include, would it be considered an incarcerated parent if they were arrested that day and made bond the same day.

> Our proposal, You Honor, or what we'd ask you to find regardless of whether or not it was four months immediately preceding the filing of the petition, from July 13th to November 13th, or if it was from July the 6th to November 6th up to the date of that incarceration, that both of those apply. And that Your Honor would find abandonment under both grounds, for willfully failing to support and willfully failing to make reasonable payments for support for more than four months.

> So in the event it's incarcerated, we'd have that time period covered. In the event the Court finds that there was no incarceration during the four month period, we would move the Court to find that there is abandonment under both scenarios, that both areas are covered in that matter.

Furthermore, concerning the best interests analysis, it appears that Appellee's counsel weighs the statutory factors himself. For example, he states:

> Number seven, whether the physical environment of the parents regarding the home is healthy and safe. Any criminal activity, use of alcohol or controlled substances has made either the parent or guardian consistently unable to care for the child in a safe and stable environment.

**We think** this factor weighs heavily in favor of termination. There has been no support for two and a half years. No help with these children for two and a half years. Substantial evidence of neglect. Continued to have a criminal history throughout these proceedings. Have spent time in jail. Both of them did. I think it was eight months at some point in 2017, so we're talking about serious jail time.

***

Number eight is whether the parents' or guardians' mental or emotional status would be detrimental to prevent the child or parent from effectively providing safe and stable supervision for the child.

**We think** this factor also weighs heavily in favor of termination. As with the other factors, it would be devastating for these children to return to the parents at any time or even have any contact with them.

***

**So we feel by all of these statements** in this order as to the clear best interest factors, we would ask the court to find everything as proposed in the order by clear and convincing evidence that termination for the [Appellants'] parental rights are in the children's best interest and that their rights should be terminated so that the petitioner may adopt these children.

(emphases added).

Following Appellee's counsel's recitation of his prepared findings and conclusions, Mother's counsel objected, to-wit:

Your Honor, obviously I object to the order prepared by the petitioner's attorney and approved by the guardian ad litem. Number one for timeliness. I received a couple of drafts yesterday. And then a draft this morning. There has not been ample time to review, but I'm going to suppose he just read exactly what was written to you. That's the first time I've had any type of review.

For the second reason, the Court must make its own determination of facts presented at court. Not what the petitioners prepared. You'd have to look at the transcript and the evidence that was presented before you and only during that period of time.

The petitioner did not establish proof of the determinative time period during the trial regarding the mother or the respondent mother's ability to pay child support. It wasn't her burden to prove. It was the petitioner's. And we established that. That was not proven during the trial of this matter.

There was not sufficient proof entered in the record to establish any ground of termination of parental rights. And if you don't establish a ground, you never get to the analysis of best interest.

We submit that there was proof in the trial that both children drew disability checks that supported the children. And we submit that the case should be dismissed upon the facts presented at trial as insufficient to sustain termination of the mother's parental rights.

Father's attorney also objected, to-wit:

Your Honor, I represent [Father] in this action. We agree with the mother's counsel, Ms. Davis, that at this time petitioner's counsel is trying to introduce facts and evidence that weren't presented at the time of the trial. This case was remanded for you to consider the record and evidence at the time of trial.

Even the appellate order states that there were no facts brought into evidence that supported persistent conditions. There was no determination for the period relevant, for the four month time frame. And the Court was silent about [Father's] ability to pay. And again, I agree with Ms. Davis. That's their burden to prove. It's not our clients' burden to prove

Despite the foregoing objections and disputes, the trial court stated only the following before adopting, Appellee's order, *in toto*:

Under [Appellee's] proposed order, it reflects what I actually found. I just didn't say it. And that's it in a nutshell. I just didn't say it. But it's exactly what I found. Therefore, I will adopt your order.

Based on the trial court's statement and the timing of the entry of the final order, we suspect that the trial court did not actually read through the proposed order before entering it as its own. The June 11, 2019 hearing transcript indicates that the hearing started at "the approximate hour of 11:15 A.M.," and the trial court's order is stamped entered on June 11, 2019 at 11:47 A.M. Our suspicion is heightened by the fact that the order leaves certain necessary issues undecided. For example, the trial court's order does not definitively answer the question of the relevant four-month time period for

- 10 -

abandonment. Rather, it adopts an "and/or" approach as it appears in Appellee's proposed order:

> The Court is aware of a brief incarceration period of both respondents which occurred on November 7, 2016, both of which made bond on the same day as their arrest. For the purposes of this Order, the relevant 4-month period includes both July 13, 2016 to November 13, 2016 **and/or** from July 6, 2016 to November 6, 2016 (if the 1-day incarceration is considered on November 7, 2016). This Court further finds by clear and convincing evidence that both respondents have abandoned the minor children as indicated herein for any 4-month period they were not incarcerated prior to the filing of the petition for termination of parental rights.

(emphasis added). As discussed above, at the hearing, Appellee's counsel specifically asked the trial court to make the requisite finding concerning the relevant time period pursuant to Tennessee Code Annotated section 36-1-102(1)(A)(i) (describing the relevant time period as "a period of four (4) consecutive months immediately preceding the filing of a proceeding or pleading to terminate the parental rights of the parent or parents"). The trial court failed to do so. In addition, the order incorrectly states that "the petitioner may proceed with the **step-parent** adoption *ex parte*." (emphasis added). Appellee is the minor Children's maternal grandparent. Perhaps this error is merely typographical, but coupled with the other issues surrounding the trial court's adoption of Appellee's order, it leads us to conclude that the trial court disregarded our mandate in ***Mason C. I***.

In ***Mason C. I***, we specifically held that the original order was deficient, *inter alia*, because the trial court did not determine the relevant time period for abandonment and failed to make a determination on the willfulness criterion because the trial court was silent "regarding the parents' ability to pay." Not only did the trial court fail to remedy these deficiencies on remand, it again failed to independently weigh the best interests factors. Rather than engaging in the required independent analysis, the trial court simply adopted Appellee's findings and conclusions over Appellants' objections. Such practice does not satisfy the findings and conclusions requirements of Tennessee Code Annotated section 36-1-113(k) and Tennessee Rule of Civil Procedure 52.01.

As stated by the Tennessee Supreme Court,

> [a] trial court's verbatim adoption of verbiage submitted by the prevailing party detracts from the appearance of a hardworking, independent judge and does little to enhance the reputation of the judiciary. At the very least, it gives rise to the impression that the trial judge either has not considered the losing party's arguments, or has done little more than choose between two provided options rather than fashioning a considered, independent ruling based on the evidence, the filings, argument of counsel, and

applicable legal principles.  At worst, it risks creating an appearance of bias or the impression that the trial court ceded its decision-making responsibility to one of the parties.

*Smith*, 439 S.W.3d at 315 (footnotes omitted).  Although, after *Smith*, this Court held that, in a termination proceeding, a written order prepared by a party is sufficient when the differences between the written order and oral ruling are "minor" and "the record indicates that the trial court deliberated and made its own decision," *In re Matthew T.*, No. M2015-00486-COA-R3-PT, 2016 WL 1621076, at *6 (Tenn. Ct. App. Apr. 20, 2016), such is not the case here.

The deficiencies that required remand in *Mason C. I* have not been cured.  Furthermore, the trial court again failed to conduct any independent analysis to support its termination of Appellants' parental rights.  Rather, it appears that the trial court "ceded its decision-making responsibilities" to Appellee's counsel.  *Smith*, 439 S.W.3d at 315.  Accordingly, we again vacate the order of termination and remand the case for the trial court's independent analysis and independent resolution of the disputed issues.  Our holding does not preclude the trial court from reopening proof in the case.

## Conclusion

For the foregoing reasons, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion.   Costs of the appeal are assessed to the Appellee, Robert T., for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE